STERN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 8, 1901.)

No. 44.

CUSTOMS DUTIES—DECORATED GLASS ARTICLES.

Tariff Act 1897, par. 100, imposing a 60% ad valorem duty on "vessels of glass, * * * decorated, * * * and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware, all of the foregoing filled or unfilled," covers decorated articles of glass not susceptible of being filled, as is apparent from inspection of Tariff Act 1890, pars. 106, 110, 111, and Tariff Act 1894, pars. 89, 90, of which said paragraph 100 is a consolidation.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers, which sustained the action of the collector of the port of New York in assessing duty on certain imported goods, consisting of lamps, globes, lamp shades, chimneys, and candelabra, all of which were made of glass, and decorated in some way.

W. Wickham Smith, for appellants.

D. Frank Lloyd, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importation was under the tariff act of July 24, 1897. The relevant paragraphs are:

"Paragraph 100. Glass bottles, decanters, or other vessels of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers) and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all of the foregoing, filled or unfilled and whether their contents be dutiable or free, sixty per centum ad valorem."

"Par. 112. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not especially provided for in this act, forty-five per centum ad valorem."

The articles in question are manufactures of glass, and it is conceded that they are dutiable under paragraph 112, unless they are within the enumeration of paragraph 100, for no other paragraph covers them. Moreover, it is manifest that, being articles of glass decorated, they are covered by the words, "vessels of glass, * * * decorated," in paragraph 100, unless the rules of statutory construction require us to give to those words a more restricted meaning. It is contended by the appellant that they should be thus restricted because of the last clause of the paragraph: "All the foregoing, filled or unfilled, and whether their contents be dutiable or free." In the ordinary use of language, the employment of such a phrase would seem to import the idea that "the foregoing" were articles which were susceptible of being filled, just as in Dinglested v. U. S., 33 C. C. A. 395, 91 Fed. 112, 62 U. S. App. 306, this court held that the phrase, "if decorated 40%, if not decorated 30%," apparently indicated that congress had in mind "articles susceptible of decoration." But, while such an argument may lend support to some particular theory of construction, it is not, of course, controlling. Words are not always used in tariff acts with grammatical or scientific accuracy, and the most persuasive argument as to the intent of congress, when such intent is not entirely clear upon a mere reading of the statute, will be found in an examination of the history of the words employed, and a comparison with earlier acts in pari materia.

In the tariff act of 1890 will be found these paragraphs:

"Par. 106. All articles of glass, cut, engraved, painted, colored, printed, stained, decorated, silvered, or gilded, not including plate glass silvered, or looking-glass plates, sixty per centum ad valorem."

"Par. 110. Porcelain or opal glassware, sixty per centum ad valorem.

"Par. 111. All cut, engraved, painted or otherwise decorated glass bottles, decanters, or other vessels of glass shall, if filled, pay duty in addition to any duty chargeable on the contents, as if not filled, unless otherwise specially provided for in this act."

Under this act it is apparent that articles of glass, whether susceptible of being filled or not, are provided for in paragraph 106, the provision that the fact of being filled shall be immaterial on the

question of payment of duty being found in another paragraph (paragraph 111).

The draftsman of the next tariff act (1894) undertook to consolidate provisions of the three sections of the earlier act into two, with this result:

"Par. 89. All articles of glass cut, engraved, painted, colored, printed, stained, decorated, silvered or gilded not including plate glass silvered, or looking-glass plates, forty per centum ad valorem.

"Par. 90. All glass bottles, decanters, or other vessels or articles of glass, when cut, engraved, painted, colored, printed, stained, etched or otherwise ornamented or decorated, except such as have ground necks and stoppers only, not specially provided for in this act, including porcelain or opal glassware, forty per centum ad valorem: provided, that if such articles shall be imported filled, the same shall pay duty, in addition to any duty chargeable upon the contents as if not filled, unless otherwise specially provided for in this act."

It will be perceived that while the general paragraph covering "all articles of glass cut, engraved," etc., remains the same, except for reduction of duty, those articles which are bottles, decanters, or other vessels, cut, engraved, etc., are provided for in a paragraph by themselves at a like rate of duty, in which paragraph is included the provision for payment of duty when filled. Moreover, "porcelain or opal glassware," which in the former act had a paragraph for itself, is included in the one providing for the bottles, decanters, etc. There seems to be no sound reason for holding that the words, "porcelain or opal glassware," have any narrower meaning in their new position. They cover such glassware, whether it be in shapes susceptible of being filled or not. We therefore in this tariff act of 1894 have the provision as to payment of duty, if the articles be imported filled, included in a paragraph which lays duty upon articles which may be susceptible of being filled, and also upon articles (the porcelain or opal glassware) which may not be susceptible of being put into such condition.

The draftsman of the act of 1897 undertook still further to consolidate the paragraphs. In the place of paragraphs 89 and 90 of the act of 1894, he substituted paragraph 100 of the act of 1897. It enumerates additional forms of ornamentation (frosting and grinding), provides for articles of which glass is component of chief value, and adds "other blown glassware" to the porcelain and opal. Except for these changes, it is an amalgamation of the two separate paragraphs of the act of 1894,—a reverter to the arrangement of the act of 1890, wherein "articles of glass" generally, and "glass bottles, decanters," etc., had the rate of duty they should pay prescribed in a single paragraph. No trace of the general paragraph, "all articles of glass, cut, engraved," etc., which is found in paragraph 89 of 1894, in paragraph 106 of 1890, in paragraph 135 of 1883, and in schedule "b," § 2504, Rev. St. U. S. (to go no further back), will be found elsewhere in the act of 1897 than in paragraph 100, and in paragraph 100 will be found all its provisions. That the old paragraphs 89 and 90 have been condensed into the new paragraph 100 is a self-evident proposition upon inspection of the text. Under these circumstances, to hold that the result of the condensation has been to cast away all provisions as to "articles of glass, cut, en-

graved," etc., which are not containers, because the new paragraph includes a provision that duty shall be paid "filled or unfilled," would be a strained construction. And we are referred to no authority persuasive to any such conclusion. The decision of the circuit court is affirmed.