## THOS. McMULLEN & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. April 29, 1901.)

### No. 3,050.

**1. CUSTOMS DUTIES—CLASSIFICATION—GROUND GLASS.**

The provision in paragraph 100, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), for "glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers)," is not limited to such articles as are ground for purposes of ornamentation or decoration.

**2. SAME—GROUND-GLASS BOTTLES.**

Glass bottles having the words "Thos. McMullen & Co.'s White Label" ground thereon by means of the process of sand-blasting are dutiable under the provision in paragraph 100, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), for "glass bottles, * * * ground," and not under paragraph 99 of said act, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), relating to "plain * * * glass bottles."

Appeal by the importers from a decision (G. A. 4620) of the board of general appraisers which affirmed the decision of the collector of customs at the port of New York in the assessment of duty on the merchandise in question.

Edward Hartley and Howard T. Walden, for importers.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises certain glass bottles, having the name "Thos. McMullen & Co.'s White Label" placed thereon by means of the sand-blast process. They were assessed for duty under the provisions of paragraph 99, Schedule B, § 1, c. 11, Act July 24, 1897, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), as "plain * * * glass bottles," at one cent per pound, and were claimed to be dutiable at 60 per cent. ad valorem, as "glass bottles, * * * ground," under the provisions of paragraph 100 of said act, Schedule B, § 1, c. 11, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633).

The evidence shows that the sand-blast process by which the name has been placed on the bottles is a process of grinding, and that the bottles are ground. The only contention of counsel for the government is that the word "ground" necessarily involves ground for purposes of decoration or ornamentation, under the decisions in Koscherak v. United States, 39 C. C. A. 166, 98 Fed. 596, and Stern v. United States, 45 C. C. A. 141, 105 Fed. 937. But the decisions in

these cases do not necessarily apply to the article in question in this case. The act of 1897 has added to the former statute, inter alia, the words "except such grinding as is necessary for fitting stoppers," after the words "otherwise ornamented, decorated." Counsel for the government chiefly relies on the language of the Circuit Court of Appeals in Stern v. United States, supra, where the court, discussing the application of paragraph 100 of the act of 1897 to certain decorated articles of glass, refers to frosting and grinding as additional forms of ornamentation. But I do not understand, from the language of the court, that glass bottles ground might not be within the provisions of said paragraph 100, where the grinding was not for the purpose of ornamentation. The fact that the references to grinding follow the provisions as to ornamentation or decoration seems to indicate that Congress intended to impose a duty on all glass bottles ground, except such grinding as is necessary for fitting stoppers.

The decision of the board of general appraisers is reversed.