### UTARD v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 2, 1904.)

No. 3,144.

1. CUSTOMS DUTIES—GROUND GLASS—BOTTLES WITH CUT-GLASS STOPPERS.

*Held*, that certain bottles made of molded or pressed glass, with stoppers that have been cut or ground more than is necessary for fitting, are dutiable under paragraph 100, Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], relating to "glass bottles * * * cut, * * * ground (except such grinding as is necessary for fitting stoppers)," and not as "molded or pressed * * * glass bottles," under paragraph 99 of said act (30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]).

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by Emil Utard, an importer, from an affirmance by the Circuit Court of a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs on merchandise imported at the port of New York. For decisions below, see 124 Fed. 997, and In re Utard, G. A. 4,769, T. D. 22,503.

The importer was dissatisfied with the conclusions of the board only as to the merchandise included in the board's third finding. The opinion of the board, so far as it refers to such merchandise, is as follows:

FISCHER, General Appraiser. The protestant imported numerous perfumery bottles of various designs and patterns, which for convenience may be divided into three classes, namely: * * * (3) Such as have ground and cut glass stoppers; this class comprising all of the goods under protest, with the exception of Nos. 2,478 and 2,724. The articles were assessed for duty at 60 per cent. ad valorem under the provisions of paragraph 100 of the act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], as cut-glass bottles, or as decorated glass bottles, and are claimed to be dutiable under the provisions of paragraph 99 of said act (30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]). Counsel for the importers relies chiefly upon the ruling laid down in the case of Koscherak v. United States, 39 C. C. A. 166, 98 Fed. 596, to sustain his claim. That case arose under Act Aug. 27, 1894, c. 349, § 1, Schedule B, par. 90, 28 Stat. 513, and the paragraph construed by the court was as follows: "All glass bottles, decanters, or other vessels or articles of glass, when cut, engraved, painted, colored, printed, stained, etched, or otherwise ornamented or decorated, except such as have ground necks and stoppers only, not specially provided for in this act. * * *" The court held that etched bottles were dutiable under that provision only when such etching amounted to ornamentation or decoration, and said: "The use in the new section of the phrase, 'not otherwise ornamented or decorated,' after an enumeration of several processes by which an article may be ornamented or decorated, not only implies, but indicates, an understanding that this result of the enumerated processes is to be an ornament or decoration, in order to bring the article within the terms of the paragraph." The corresponding paragraph of the present act is, however, in somewhat different form, and is as follows: "100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner, or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers). * * *" If we apply the principle of the Koscherak Case to this paragraph, it would seem that while under the act of 1894 the "result of the enumerated processes is to be an ornament or decoration," in the present paragraph, if the result is either an ornamentation or a decoration or a grinding, the article will be included within the terms of paragraph 100. * * *

As to the balance of the goods before us, constituting the third class above referred to, it appears that, while most of them are ground and cut, some of them are cut simply; yet, as cutting is a process of grinding, we are of the opinion that the articles so treated are included within the terms "ornamented, decorated, or ground," of paragraph 100, and are dutiable under said paragraph if the grinding is more than is necessary for fitting the stoppers. From the testimony in the case and the samples before us, we find that such grinding * * * is in fact more than is necessary for fitting stoppers, and that it considerably improves the appearance of the bottles, giving the stoppers the appearance of cut glass, and relieving them of the common and cheap appearance they had when taken from the pressing mold, and we hold that these bottles are therefore dutiable under paragraph 100, as assessed. * * *

The point is made by the importers that the cost of cutting the stoppers of the bottles is so small that the classification of the articles should not be changed on that account, and the maxim, "De minimis non curat lex," is invoked. From the importer's own brief it appears, however, that the cost of the labor thus expended constitutes on an average over 12 per cent. of the cost of the bottles; for while the price paid, as appears by the affidavit in evidence, is only 4 centimes for each, the brief of counsel for the importers states that the average cost of the bottles is 3.78 francs per dozen, or 31.5 centimes each. But, even were the cost of the labor considerably less, it could not be disregarded, in view of the decisions of the courts. In the case of Saltonstall v. Wiebusch, 156 U. S. 601, 604, 15 Sup. Ct. 476, 477, 39 L. Ed. 549, the Supreme Court said: "The fact that the further process which the articles underwent represented but three or four per cent. of the total labor expended upon them is by no means decisive when it is a question of classification, since the very object of Congress may be to protect the additional labor. The lines between different articles enumerated in the tariff law are sometimes very nicely drawn, and a trifling amount of labor is often sufficient to change the nature of the article and determine its classification." And in the case of United States v. Hinsberger Cut-Glass Company (C. C.) 94 Fed. 645, the court, discussing the word "ground" as used in the very paragraph here under discussion, said: "Counsel for the importers contends that Congress could not have meant to provide for such an infinitesimal amount of cutting, and must have intended to cover, by the provision for articles of ground glass, only those where the grinding was done for a permanent purpose. But the court would not be authorized in thus contradicting the express provision of the statute. It is clear that this grinding is intentional and for some purpose, and as the language of the statute includes all grinding except for stoppers for bottles, and inasmuch as the bowl is an 'article of glass,' I think it is dutiable, under the provisions of paragraph 100, at 60 per cent. ad valorem." Furthermore, while the act of 1894 excepted from the operation of paragraph 90 such bottles as had "ground necks or stoppers only," the exception in the corresponding paragraph of the present act is only as to such "grinding as is necessary for fitting stoppers," making it clear that Congress intended to include in the present paragraph bottles where the grinding, although confined to the stoppers only, was more than necessary to fit the stoppers.

We accordingly * * * overrule the protests.

Frederick W. Brooks, for importer.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The findings of the Board of General Appraisers adequately state the facts, and the decision is affirmed.