## O. G. HEMPSTEAD & SON v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 16, 1907.)

### No. 33 (1926).

.1. CUSTOMS DUTIES—CLASSIFICATION—GLASS ARTICLES—MICROSCOPE SLIDES.
In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), providing for "vessels or articles of glass, * * * all the foregoing, filled or unfilled, and whether their contents be dutiable or free," the reference to the filling of such articles does not, in view of the history of the legislation, imply that only articles capable of being used as containers are covered by the paragraph; and microscope slides cannot for that reason be excluded.

2. SAME—STATUTORY CONSTRUCTION—CATCH-ALL CLAUSES.
In enacting tariff laws it has evidently been the intention of Congress that the enumeration of dutiable articles should be as nearly exhaustive as possible; and imported articles should therefore not be classified under clauses for articles "not otherwise provided for," if by fair construction they can be embraced within a specific enumeration of dutiable articles.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Jasper Yeates Brinton (J. Whitaker Thompson, U. S. Atty., on the brief), Asst. U. S. Atty.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from a decision of the Circuit Court of the United States for the Eastern District of Pennsylvania, affirming a decision of the Board of General Appraisers, as to the classification of certain merchandise under the revenue act of July 24, 1897. The merchandise in suit consisted of microscopic slides, with concavities in their centers for placing specimens for observation under a microscope. They were assessed for duty by the Collector and Board of Appraisers, at 60 per centum, under paragraph 100 of said act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], which provides as follows:

"Glass bottles, decanters or other vessels or articles of glass, cut, engraved, painted, colored, stained,'silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The contention of the importers is, that they were dutiable at 45 per centum, under paragraph 112 of the same act of July 24, 1897,

c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], as manufactures of glass not specially provided for in the act. Paragraph 112 provides as follows:

"Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

It is argued for the appellants that the peculiar language of the last clause of paragraph 100, viz., "all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem," excludes from the purview of said paragraph any articles of glass that are not containers,—that is, susceptible of being filled, and therefore are necessarily to be classified as a manufacture of glass not specially provided for in the act, upon which the duty is 45 per centum ad valorem.

Congress evidently intended, in the customs act of 1897, as in its predecessors, that the enumeration of dutiable articles should be as nearly exhaustive as possible, and paragraph 112, like all "not otherwise provided" paragraphs of tariff acts, was only intended to make dutiable such inevitable omissions as must occur in such enumeration. An imported article should not, therefore, be classified under the "not otherwise provided" clause, if it can, by fair construction, be embraced within a specific enumeration of dutiable articles. Care in this respect would prevent inequality and injustice in the incidence of these important taxes, that might otherwise occur. The Board of General Appraisers rested its decision upon the judgment of the Circuit Court of Appeals for the Second Circuit, in Stern v. U. S. 105 Fed. 937, 45 C. C. A. 141, that case involving, as they said, identically the same issue as that herein presented. It seems to be admitted by counsel for the appellants that this case is directly in point, and would consequently be controlling, if the reasoning upon which it is based had not been rejected and overruled in effect by the Supreme Court in the later case of United States v. Downing, 201 U. S. 354, 26 Sup. Ct. 476, 50 L. Ed. 786. That case involved the rate of duty under the act of 1897, upon certain sticks of carbon used for electric lighting. The Collector of Customs at the port of New York held them to be dutiable at 90 cents per 100 sticks, under paragraph 98 of the act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], which provides as follows:

"Gas retorts, three dollars each; lava tips for burners, ten cents per gross and fifteen per-centum ad valorem; carbons for electric lighting, ninety cents per hundred; filter tubes, forty-five per centum ad valorem; porous carbon pots for electric batteries, without metallic connections, twenty per centum ad valorem."

On protest and review, the Board of Appraisers affirmed the decision of the Collector. They held, however, that the sticks were not within the enumeration of paragraph 98, nor within that of paragraph 97, but were dutiable under paragraph 98 by virtue of the similitude clause (section 7) of the act of July 24 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]. The Circuit Court for the

Southern District of New York, held that the articles were dutiable under the act of 1897, and reversed the ruling of the Board of Appraisers, and was affirmed in so holding by the Circuit Court of Appeals. Upon certiorari, the Supreme Court sustained the decision of the Board of General Appraisers, and reversed the Circuit Court of Appeals and the Circuit Court. It was contended by the importer that the articles imported were not "carbons" either in the trade or popular sense, and do not become such until fit for use in lamps, and that the articles are correctly described and enumerated only in paragraph 97, as articles composed of carbon, not specially provided for. Paragraph 97 is as follows:

"Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem."

The Supreme Court, in the course of its opinion, said that this "contention encounters a serious difficulty. As was decided in Dingelstadt v. United States, 91 Fed. 112, 33 C. C. A. 395, the paragraph covers articles which are susceptible of decoration, and not, as contended by respondent, articles decorated or not decorated, irrespective of their capability of being decorated." Counsel for appellants rely upon this language of the Supreme Court, as establishing a principle which, he contends, must control the case before us, and therefore, that in paragraph 100, the words "all the foregoing, filled or unfilled," confines the classification to glassware containers,—that is, to glassware susceptible of being filled. While this contention is not without force, we think it has been sufficiently and clearly met in the argument and brief of the learned counsel for the government. It was there pointed out that the Supreme Court in the Downing Case had arrived at the conclusion on independent grounds, that under the similitude clause of the customs act, these carbon sticks should be referred, for classification as to the rate of duty, to section 98.

"The question before the court was, as to what meaning should be given to a particular section in the light of other sections of the act, and the use of these words was found to confirm an interpretation arrived at upon other and distinct grounds, and to be in accord with another and equally strong circumstance stated immediately afterward."

But the court which decided the case of Dingelstadt v. United States was composed of the two Circuit Judges who afterwards, with Judge Shipman, constituted the Circuit Court of Appeals, which decided the case of Stern v. United States. In its opinion in the latter case, the court considers the very language in the Dingelstadt Case, which was approvingly quoted by the Supreme Court in the Downing Case, and says:

"This court held that the phrase 'if decorated, 40%, if not decorated, 30%,' apparently indicated that Congress had in mind 'articles susceptible of decoration.' But, while such an argument may lend support to some particular theory of construction, it is not, of course, controlling. Words are not always used in tariff acts with grammatical or scientific accuracy, and the most persuasive argument as to the intent of Congress, when such intent is not entirely clear upon a mere reading of the statute, will be found in an ex-

amination of the history of the words employed, and a comparison with earlier acts in pari materia."

The court then proceeds to a critical examination of previous tariff acts, including those of 1890 and 1894, and finds that certain paragraphs of the old acts have been condensed into the new paragraph 100 of the act of 1897, and concludes that, "under these circumstances, to hold that the result of the condensation has been to cast away all provisions as to 'articles of glass, cut, engraved,' etc., which are not containers, because the new paragraph includes a provision that duty shall be paid 'filled or unfilled,' would be a strained construction."

We only wish to add that, as an original question, the grammatical construction of the "filled or unfilled" clause, in connection with the whole paragraph, does not necessarily require the exclusion from the purview of the section, of articles of glass not susceptible of being filled. The words may be interpreted distributively, and would thus apply only to "all the foregoing" which were capable of being filled. It is, perhaps, worth noting also, that by the peculiar language of paragraph 97, the articles there described are made dutiable in two classes, viz., "if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad. valorem," thus confining the imposition of the duty to these two classes alone, while, as we have pointed out, the words "all the foregoing, filled or unfilled * * * sixty per centum ad valorem," makes no such classification as to duty, but merely, by way of abundant caution, includes all such as are containers, whether filled or unfilled. But whether such a distinction can be made in the construction of the two paragraphs 97 and 100, or not, we agree with the court in the Stern Case, that while under different circumstances, and with a different history of legislation preceding it, these words might have a very persuasive influence in determining the intention of Congress, they must not be allowed to wrest from their true meaning, as shown by circumstances and the course of prior legislation, the classifications established by paragraphs 100 and 112 of the act of 1897. The views here expressed are strongly supported by the opinion of the Board of General Appraisers in the matter of certain imported merchandise, photographic glass baths, glass lamp shades, lamps and chimneys, all of which were made of glass. The articles were variously returned by the appraiser as "blown glassware," "opal glassware," and "opal and blown glassware," being the very merchandise which was the subject-matter of decision in the Stern Case. They were assessed for duty by the collector, at 60 per centum ad valorem, under said paragraph 100. The contention of the importers was the same as that afterwards before the court, that all of the articles were dutiable at 45 per centum ad valorem, under paragraph 112 of said act, as "manufactures of glass * * * not specially provided for" in said act. The opinion of the Board, G. A. 4,298 (T. D. 20,214), was written by Judge Somerville, and presents a clear and closely reasoned discussion of the tariff legislation with which we are here concerned, and of the peculiar language of section 100 of the act of 1897. In the course of

the opinion (which is found in Synopsis of Decisions Treasury Department, July to December, 1898, volume 2) Judge Somerville says:

"The concluding phrase of said paragraph 100, namely, 'all the foregoing, filled or unfilled,' etc., appeared in the form of a proviso to paragraph 90 of the tariff act of 1894, as follows:

" 'Provided, that if such article shall be imported filled, the same shall pay duty, in addition to any duty chargeable upon the contents as if not filled,' etc.

"It would be a strained construction of the paragraph in question to restrict all the enumerated articles to such as are capable of being filled or used as containers. In re Hoehn Company, G. A. 4,035 (T. D. 18,637). The intent of the lawmakers, in our judgment, is clearly met by applying the words 'filled or unfilled' to glass bottles, decanters, or other vessels of like kind capable of being filled. The words seem to have been inserted from abundant caution to avoid an ambiguity arising from their omission in a previous tariff, which led to much litigation. In re Grace, 79 Fed. 315, 24 C. C. A. 606, reversing 75 Fed. (C. C.) 2."

It is only necessary to refer to, and not to quote, what seems to us the clear and conclusive opinion of the Circuit Court of Appeals of the Second Circuit, as to the same merchandise, in the case of Stern v. United States, above referred to, as the ground of our own decision in affirming, as we do, the decree of the court below.