PARK & TILFORD v. UNITED STATES.

(Circuit Court, S. D. New York. November 9, 1909.)

No. 5,341.

1. Customs Duties (§ 17*)—Classification—Bottles with Cut Glass Stoppers—Entireties.

Filled bottles, with cut glass stoppers, the bottle neck and the stopper being ground to fit each other and the stopper not being capable of use in any other bottle, are dutiable as entireties, rather than separately from the stoppers.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 17.*]

2. CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—GLASSWARE.
    Glass bottles, fitted with cut glass stoppers that constitute the element of chief value in the whole article, are dutiable as articles in chief value of cut glass, under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633).
    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig §§ 43–47; Dec. Dig. § 25.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,794 (T. D. 29,192).

B. A. Levett, for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen., for the United States.

MARTIN, District Judge. The articles in question consist of filled bottles with cut glass stoppers. They were assessed for duty under paragraph 100, Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), relating to articles of cut glass. The importers protested, claiming that only the stoppers should have been so assessed, and that the bottles are properly dutiable under paragraph 99 of said act, relating to bottles of molded glass. The Board of Appraisers held that the bottle and the stopper should be regarded as an entirety for tariff purposes.

The bottle is blown glass and the stopper cut glass. The neck of the bottle and the stopper are ground to fit each other. The stopper to this bottle cannot be used in any other bottle. The stopper, being of cut glass, is the component of chief value in the entire article. The real question is as to the entirety of the article. It was the same question that was before the court in the Utard Case, 128 Fed. 422, 63 C. C. A. 164, T. D. 25,115. I regard that decision as controlling in the present case.

The decision of the Board is affirmed.