UNITED STATES v. HEIL CHEMICAL CO.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1910.)

No. 2,591 (1,799).

1. CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—"BLOWN GLASSWARE."
   In Tariff Act July 24, 1897, c. 11, § 1, Schedule B. par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1663), the term "blown glassware" includes articles blown in a mold as well as free-handed.

   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*

   For other definitions, see Words and Phrases, vol. 1, p. 812; vol. 8, p. 7591.]

2. CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—"BLOWN GLASSWARE"—"MANUFACTURES OF GLASS."
   Articles in chief value of blown glass, but in part of other glass or other material, are not within the provision for "blown glassware" in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1663), but are dutiable as manufactures of glass under paragraph 112, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635).

   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*]

3. Customs Duties (§ 25*)—Ground Glass—"Articles of Glass Ornamented, Decorated, or Ground."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), the provision for "articles of glass * * * ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers)," is not limited to articles in which the grinding is done for ornamental or decorative purposes, but includes plain goods ground for utility purposes only.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*]

4. Customs Duties (§ 25*)—"Molded"—"Pressed."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), the term "molded," as applied to glassware, is synonymous with "pressed."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*]

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

The opinion of Trieber, District Judge, in the court below, reads as follows:

The court declares the law as to the different matters in controversy in this case as follows:

1. Plain goods glass produced by being blown into molds, which the court finds from the evidence are known to the trade as "molded glassware," and not as "blown glassware," and for that reason is dutiable under paragraph 112 of the act of 1897. Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635). Congress must be supposed to have used the language as understood by manufacturers, dealers, and the trade generally. If there be any doubt on the subject, the rule by which courts will be governed in cases of this nature is that "the doubt be resolved in favor of the importer, as duties are never imposed on the citizen upon vague and doubtful interpretations." Hartranft v. Wiegmann, 121 U. S. 609, 616, 7 Sup. Ct. 1240, 30 L. Ed. 1012; American Net & Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55, 35 L. Ed. 821; Swan & Finch Co. v. United States, 190 U. S. 143, 23 Sup. Ct. 702, 47 L. Ed. 984.

2. Glass tubing is blown glass if a finished article, and is dutiable under paragraph 100. Rogers v. United States (C. C.) 115 Fed. 233; affirmed, 121 Fed. 546, 57 C. C. A. 608. But if in bulk to be used in the manufacture of finished articles after importation, being when imported incomplete articles of glass suitable only for other manufacture in the finished articles, they are dutiable only under paragraph 112. United States v. Fensterer (C. C.) 84 Fed. 148; United States v. Durand, 137 Fed. 382, 69 C. C. A. 566.

3. Are articles of which blown glass is the component material of chief value in connection with other glass, solid or pressed, dutiable under paragraph 100 or 112? Applying the rule laid down in Hartranft v. Wiegmann, supra, it must be held that, in view of the fact that Congress in paragraph 100 did not say that glassware of which blown glass is the component of chief value shall be subject to the duty under that paragraph, it is not dutiable thereunder, but under paragraph 112. Eimer & Amend v. United States (C. C.) 126 Fed. 439.

4. If plain goods are ground for utility purposes only, and not for ornamentation, they are dutiable under paragraph 112, and not 100. Koscherak v. United States, 98 Fed. 596, 39 C. C. A. 166; Hempstead v. United States (C. C.) 122 Fed. 752; United States v. Hesse (C. C.) 141 Fed. 492; T. D. 26,398. These authorities are conclusive that grinding or etching for utility purposes solely, and not for ornamentation, are dutiable only under paragraph 112. This includes all plain glass, graduated, printed, or etched for utility purposes only.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Bottles made of molded or pressed glass with stoppers that have been cut or ground more than is necessary for fitting are dutiable under paragraph 100. Utard v. United States, 128 Fed. 422, 63 C. C. A. 164; T. D. 25,115.

6. Lampwork—i. e., wares blown at the lamp—must be classed as blown glass, and subject to duty under paragraph 100. Congress has made no exception for such ware, and, of course, the courts cannot make them.

As this disposes of all the contested questions of law, the court has no doubt that counsel will be able to prepare a decree in conformity therewith. If they are unable to do so, the court will settle all matters in dispute.

Henry W. Blodgett, U. S. Atty. (Truman P. Young, Asst. U. S. Atty., of counsel).

Ferriss, Zumbalen & Ferriss (Joseph H. Zumbalen, of counsel), for appellee.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This was an application under section 15 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 138 [2 U. S. Comp. St. 1901, p. 1933]) for a review of a decision of the Board of General Appraisers sitting at New York classifying for customs duties certain merchandise imported by the chemical company. The Circuit Court reversed the Board of Appraisers in certain particulars and the government took this appeal. The construction and application of paragraphs 100 and 112 of the tariff act (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157, 158 [U. S. Comp. St. 1901, pp. 1633, 1635]) are involved. They are as follows:

"100. Glass bottles, decanters, or other vessels or articles of glass; cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

"112. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

Counsel have substantially agreed upon a brief statement of the questions:

First. Should plain glassware blown in a mold be classified as blown glassware under paragraph 100 of the tariff act, and therefore subject to a duty of 60 per centum ad valorem, or, under paragraph 112, as manufactures of glass not specially provided for, and therefore subject to a duty of but 45 per centum ad valorem. The merchandise in question is blown glassware, but it was blown in a mold. The government contends it is blown glassware, while the company contends it is molded glassware. Besides the context of the act, the parties resorted to testimony as to customary usages of the trade in the description of such goods. The term "blown glassware" is a common one. The term "molded," as applied to glassware, appears in paragraph 99 of the act, but not elsewhere. It there refers to bottles, jars, etc., and the expression is "plain green or colored, molded or pressed, and flint lime or lead glass bottles, vials, jars," etc. The Century Dic-

tionary defines pressed glass as "glass brought to a shape in a mold by a plunger," and in that sense the terms "molded" or "pressed" are synonymous. The testimony considered by the Circuit Court was not heard orally, but was taken before a referee. The testimony was that of Mr. Heil for the company, and Mr. Lamar and Mr. Lysaght for the government. Mr. Heil, the president of the company, testified to a distinction between glassware blown free-handed and that blown in a mold. He said the former was blown glass and the latter was known to the trade as "molded" ware; but on cross-examination he said he did not know before he went to Europe the year previous to giving his testimony that the ware was blown in molds. He said: "Until that time I thought it was all hand blown." His testimony certainly did not establish that glassware blown in a mold was generally known to the trade as molded ware as distinguished from blown ware at the time of the passage of the tariff act of 1897. If an article has a well-known designation in trade and commerce at the time a tariff act is passed, it is presumed Congress adopted it. De Jonge v. Magone, 159 U. S. 562, 569, 16 Sup. Ct. 119, 40 L. Ed. 260. Mr. Lamar was a chemical expert, and for himself and others had been a purchaser of large quantities of chemical glassware like that in question. Some of it which he said was both molded and blown he had always heard spoken of as blown glassware. It was so known to the trade as far as his experience went. Mr. Lysaght, who was an examiner of customs, said he did not know of the term "molded ware" being applied to the merchandise in question, though he had no experience in handling chemical glassware outside of his present position. He did not know how it was commonly called in the trade, but that the merchants, importers, and their employés with whom he had come in official contact always called it "blown" glassware. Upon this testimony the trial court held that it should be called "molded ware," and was not "blown ware" within the meaning of paragraph 100. We do not think the evidence justifies the conclusion. The action of the collector in the first instance and that of the Board of General Appraisers is presumptively correct, and the lights afforded by the record tend rather to sustain than to overthrow their conclusion.

Second. Are articles of which blown glass is the component material of chief value, in connection with other glass, or other material, and which are not cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner, or otherwise ornamented, decorated, or ground (except such grinding as is necessary to fit stoppers), to be classified as blown glassware under paragraph 100 or as manufactures of glass under paragraph 112? The court held this ware dutiable under paragraph 112, and we think correctly. It is clearly not within paragraph 100, though it would have been had the component blown glass been cut or engraved, etc. It seems to be within the clause of paragraph 112:

"All glass or manufactures of glass * * * or of which glass * * * is the component material of chief value."

It therefore is not a nonenumerated article within section 7 of the act, as claimed by the government.

Third. If plain goods are ground for utility purposes only and not for ornamentation, and not for the purpose of fitting stoppers, are they to be classified under paragraph 100 or under paragraph 112?

The court held such goods fell under paragraph 112. It is urged in support of the decision that, to be within paragraph 100, the grinding must have been for ornamental or decorative purposes. We do not think so. Aside from the plain structure of the provision, the exception of grinding for fitting stoppers shows that goods ground for other utility purposes are included. Otherwise the exception would perform no office. Utard v. United States, 124 Fed. 997, 63 C. C. A. 164, 128 Fed. 422; Thos. McMullen & Co. v. United States (C. C.) 123 Fed. 847.

The decision of the Circuit Court upon the second question is affirmed, and upon the first and third it is reversed. The cause is remanded for further proceedings in accordance with this opinion.