UNITED STATES v. CLARKE & Co. (No. 2621)[1]

1. CONSTRUCTION, PARAGRAPH 348, TARIFF ACT OF 1922—"SNAP FASTENERS AND CLASPS * * * NOT MOUNTED ON TAPE"—SUSCEPTIBILITY.

Paragraph 348, Tariff Act of 1922, covering certain "Snap fasteners and clasps * * * not mounted on tape," is not limited to such as are susceptible of being so mounted. *United States v. Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348, decided concurrently herewith.

2. RELATIVE SPECIFICITY—EO NOMINE v. DESCRIPTIVE—PARAGRAPHS 348 AND 1428, TARIFF ACT OF 1922—"SNAP FASTENERS AND CLASPS"—METAL JEWELRY MATERIAL—DRESS BUCKLES AND CLASPS.

Following the general rule that an *eo nomine* designation is more specific than a descriptive one, the provision for "Snap fasteners and clasps," in paragraph 348, Tariff Act of 1922, is more specific than that for metal material for jewelry, in paragraph 1428. *United States v. Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348.   Paragraph 348, in providing for clasps "by whatever name known," includes such clasps as are known as buckles, while paragraph 1428, in providing for metal articles to be worn on or about or attached to the person "such as and including buckles" includes the buckles within the general description.   Paragraph 348 includes all clasps which answer to its call, even though they may be designed to be worn on or about the person and be known as buckles.   Dress buckles and clasps are classifiable under paragraph 348 rather than 1428.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, G. A. 8993 (T. D. 40896)

[Modified.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Fred J. Carter*, special attorneys, of counsel), for the United States.
*Alan R. Brown*, for appellees.

---

[1] T. D. 41349.

[Oral argument December 16, 1925, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of articles known both as dress buckles and as dress clasps, together with articles known as slides. All were assessed for duty by the collector as articles designed to be worn on apparel or carried on or about or attached to the person, at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1428. * * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral or amber, or with imitation precious stones or imitation pearls, 80 per centum ad valorem; * * *

It was claimed in the protest that the merchandise was properly dutiable under paragraph 348 of the Tariff Act of 1922, which reads as follows:

PAR. 348. Snap fasteners and clasps, and parts thereof, by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum and not mounted on tape, 55 per centum ad valorem; mounted on tape, including sew-on fasteners, 60 per centum ad valorem.

During the trial in the court below the importers abandoned their protest in so far as it related to the merchandise known as slides, identified in the record as items Nos. 3894 and 3995 on invoice No. 911455. This was overlooked, inadvertently no doubt, by the board in its decision, and in the judgment entered thereon.

The merchandise known sometimes as dress buckles and sometimes as dress clasps was aptly described in the board's decision as follows:

The official sample of the merchandise covered by protest 5748–G, Exhibit 1, is in two pieces. Each piece is a round concave-convex article, apparently stamped out of a piece of round steel. Each piece is nickel plated on the face, which is plain, with the exception of an ornamental metal design fastened to the center. Across the back of each piece is a wire bar, apparently for the purpose of attaching it to the article it is desired to fasten. On one piece is a hook and on the other an eye to engage the hook. Each piece of Exhibit 1 is 3 inches in diameter.

The merchandise covered by protest 996142 appears on invoice No. 1 and is represented by samples of items Nos. 4214, 4216, and 4249, marked "Collective Exhibit." These articles are similar in make-up to Exhibit 1, but are more

ornamental and smaller, and their use would be practically the same. They are composed of a white metal, resembling silver. One sample, 4216, has four rhinestones set therein, and the design of each is ornamented with colored enamel dots or designs resembling leaves, forget-me-nots, stars, etc. Each part of these three items is about 2 inches in diameter. The Government analysis shows them to be tin plated.

It appears from the record in the case that the articles in question are used in the place of buttons, to fasten ladies' cloaks, "wraps," and dresses, and when in use are attached to the cloth of the garment or to a belt sewn thereon. They are not plated with gold, silver, or platinum, but are ornamental as well as utilitarian in character and in use. The trial court, in a carefully prepared opinion by Sullivan, G. A., held that the merchandise was *eo nomine* provided for in paragraph 348, *supra*, and sustained the protest.

It is claimed by the Government that paragraph 348, *supra*, is limited in its operation to articles susceptible of being mounted on tape, such as small invisible snap fasteners and clasps used to fasten and hold together parts of ladies' dresses, and that, as the articles in question are not of that character, they are not included within the provisions of the paragraph; that, as the articles are known as buckles and were designed to be worn on or about or attached to the person, and, as they are valued above 20 cents per dozen pieces, they are provided for in paragraph 1428, *supra*, and are more aptly described therein, regardless of whether they may or may not be included within the provisions of paragraph 348, *supra*.

The appellee contends, however, that, while the articles in question were designed to be worn on or about or attached to the person, and are valued above 20 cents per dozen pieces, it is questionable whether they are like the kind of buckles described in the paragraph, as they do not conform to the dictionary definition of such term; that, in any event, they are *eo nomine*, and, therefore, more specifically provided for as clasps in paragraph 348, *supra*.

In the case of *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348, decided concurrently herewith, this court held that paragraph 348, *supra*, was not intended to be so limited in its operation as to be applicable only to such snap fasteners and clasps as were susceptible of being mounted on tape, but that all snap fasteners and clasps, by whatever name known and of whatever material composed, excepting such as were plated with gold, silver, or platinum, were included within its terms.

It was also held in that case, in accordance with the well-settled rule of construction of tariff statutes that, as an *eo nomine* designation prevails over words of general description unless it appears from the context that such was not the intention of the Congress, the *eo nomine* provision for snap fasteners and clasps, contained in paragraph 348, *supra*, was a more specific designation for such articles

than the provision for materials of metal suitable for use in the manufacture of jewelry, contained in paragraph 1428, *supra*.

The following cases were cited therein in support of this conclusion: *United States* v. *European Watch & Clock Co.*, 11 Ct. Cust. Appls. 363, T. D. 39160; *Kresge Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 396, T. D. 39318.

It is true that paragraph 1428, *supra*, contains an *eo nomine* provision for buckles and that these articles are known as buckles as well as clasps. Without considering the question as to whether the involved articles are of the kind of buckles provided for in paragraph 1428, *supra*, we desire to call attention to the fact that the general provision in that paragraph for articles designed to be worn on or about or attached to the person, is followed by the *eo nomine* provision for buckles which reads, "such as and including buckles," and various other articles. Accordingly, included within the general description are such articles as buckles. Paragraph 348, *supra*, provides for clasps, by whatever name known, which would include clasps, even if they were known as buckles. These articles are clasps. They come within the dictionary definition of such articles, and are known as such, as well as buckles.

In Funk & Wagnalls New Standard Dictionary a clasp is defined as follows:

1. A fastening by which things or the parts of a thing are bound or held together; also, any instrument or bond of connection, as a tendril, the hook that fastens on an eye, a grappling-iron, etc.

It is true that paragraph 348, includes all clasps regardless of the material of which they may be composed, while paragraph 1428, provides for buckles composed of metal only. However, paragraph 348 is limited to clasps which are not plated with gold, silver, or platinum, while paragraph 1428 provides for buckles, plated or otherwise.

The words "by whatever name known," are words of extension, and it seems to us that it was intended by the Congress that all such clasps as were not plated with gold, silver, or platinum, should be classified under paragraph 348, *supra*, even though they might be designed to be worn on or about or attached to the person, and be known as buckles.

The judgment is modified, being reversed in so far as it relates to the articles known as slides and identified in the record as items Nos. 3894 and 3995, invoice No. 911455, and in all other respects affirmed.

*Modified.*