UNITED STATES *v.* EUROPEAN WATCH & CLOCK CO. (NO. 2623). EUROPEAN WATCH & CLOCK CO. *v.* UNITED STATES (NO. 2632) [1]

1. CONSTRUCTION, PARAGRAPH 348, TARIFF ACT OF 1922—"SNAP FASTENERS AND CLASPS  *  *  *  NOT MOUNTED ON TAPE"—SUSCEPTIBILITY.

    The provision of paragraph 348, Tariff Act of 1922, for "Snap fasteners and clasps  *  *  *  not mounted on tape" is not limited to such as are susceptible of being so mounted. *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348; and *United States* v. *Clarke*, 13 Ct. Cust. Appls. 462, T. D. 41349.

2. CONSTRUCTION, PARAGRAPHS 348 AND 1428, TARIFF ACT OF 1922—SNAP FASTENERS AND CLASPS—JEWELRY MATERIAL—RELATIVE SPECIFICITY.

    The provision of paragraph 348 for snap fasteners and clasps is more specific than that of paragraph 1428 for jewelry material. *United States* v. *Murphy & Co.* 13 Ct. Cust. Appls. 456, T. D. 41348; and *United States* v. *Clarke & Co.*, 13 Ct. Cust. Appls. 462, T. D. 41349.

3. CONSTRUCTION, PARAGRAPHS 348 AND 399, TARIFF ACT OF 1922—RELATIVE SPECIFICITY—SNAP FASTENERS AND CLASPS—ARTICLES OF PLATINUM, GOLD, OR SILVER.

    The provision of paragraph 348, Tariff Act of 1922, for "Snap fasteners and clasps  *  *  *  by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum, and not mounted on tape," is more specific than that of paragraph 399, for "Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver."

4. PLATINUM AND GOLD FASTENERS FOR WATCH BRACELETS.

    Snap fasteners or clasps, made of gold, or of gold and platinum, forming parts of ribbon bracelets for wrist watches, are classifiable as snap fasteners or clasps, under paragraph 348, Tariff Act of 1922, rather than jewelry material, under paragraph 1428, or platinum or.gold articles, under paragraph 399.

[1] T. D. 41393.

## United States Court of Customs Appeals, February 25, 1926

APPEALS from Board of United States General Appraisers, G. A. 8991 (T. D. 40877).

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *F. J. Carter,* special attorneys, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) *contra.*

[Oral argument October 16, 1925, by Mr. Lawrence and Mr. Isenschmid]

SMITH, Judge, delivered the opinion of the court:

Snap fasteners or clasps, attached to ribbon and designed to hold watches on the wrist, were classified by the collector of customs at the port of New York, as materials of metal suitable for use in the manufacture of jewelry and assessed with duty at 75 per centum ad valorem under that part of paragraph 1428 of the Tariff Act of 1922, which reads as follows:

PAR. 1428. Jewelry * * * stampings, galleries, mesh, and other materials of metal * * * finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 75 per centum ad valorem.

The importer protested that the goods were either snap fasteners or clasps dutiable under paragraph 348, or articles or wares in chief value of platinum or gold dutiable at 60 per centum ad valorem under paragraph 399 of said act. Paragraphs 348 and 399, in so far as pertinent to the issues in this case, read as follows:

PAR. 348. Snap fasteners and clasps * * * by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum, and not mounted on tape, 55 per centum ad valorem.

PAR. 399. Articles or wares *not specially provided for,* if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver * * * 60 per centum ad valorem. (Italics ours.)

The board found that the snap fasteners or clasps were articles in chief value of gold or platinum, and held that they were dutiable at 60 per centum ad valorem under paragraph 399. From the board's judgment the importer and the Government appealed.

The return of the appraiser and the evidence and the exhibits in the case establish that the goods imported are snap fasteners or clasps made of gold, or of gold and platinum.

The Government contends: First, that paragraph 348 contemplates only such fasteners or clasps as are susceptible of being mounted on tape; second, that the appraiser's report shows that the merchandise is suitable for the manufacture of watch chains, neck chains, bracelets, and other articles of jewelry, and that, therefore, the importation is dutiable at 75 per centum ad valorem under the last provision of paragraph 1428. It must be admitted that the snap

fasteners or clasps are not susceptible of being mounted on tape within the meaning of paragraph 348. It must also be conceded that the circuit court, the circuit court of appeals, and the United States Supreme Court held that a provision in the acts of 1894 and 1897 for decorated and undecorated articles or wares composed wholly or in chief value of earthy or mineral substances was inapplicable to articles or wares not *susceptible* of decoration. *Dingelstedt* v. *United States*, 87 Fed. 190; *Dingelstedt et al.* v. *United States*, 91 Fed. 112, 114; *United States* v. *Downing*, 201 U. S. 354, 358. It is true that those cases were followed in *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, and that they are authority as to the classification of wares composed of earthy or mineral substances and provided for substantially in the language there interpreted. The interpretation placed by the Dingelstedt and Downing cases upon the provision for decorated and undecorated earthenware excluded therefrom all articles not susceptible of decoration, and that simply meant that an undecorated article was not undecorated, in the sense of the statute, unless it was susceptible of decoration. We accepted that ruling, but we took occasion to say that, Congress having specially provided for articles of earthy and mineral substances *decorated* and not *decorated*, it seemed scarcely reasonable to remand wares not decorated to the paragraph for nonenumerated manufactures solely because they were not susceptible of decoration. In so doing this court did nothing more than did the Circuit Court for the Eastern District of Pennsylvania in *Hempstead* v. *United States*, 158 Fed. 584, which held that a provision for articles of glass, *filled* or *unfilled*, was not restricted in its operation to articles of glass capable of being used as containers.

The rule of interpretation established by the *Dingelstedt* and *Downing* cases is binding on this court as to the language there interpreted, but we are unwilling to apply that rule to paragraphs the language of which is not substantially the same as that considered in those cases. *United States* v. *Morimura Bros.*, 7 Ct. Cust. Appls. 285; *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348; *United States* v. *Clarke & Co.*, 13 Ct. Cust. Appls. 462, T. D. 41349. To extend the "susceptibility" rule to every paragraph of the tariff act which imposes one rate of duty on merchandise when in a certain condition and another rate when not in that condition, would unsettle long-established classifications, breed litigation, and give to the paragraph for nonenumerated manufactures a scope which we are satisfied was not contemplated by Congress.

Even if the wares in question were suitable for use in the manufacture of jewelry, the provision in paragraph 348 for snap fasteners or clasps is more specific than the provision for materials for the manufacture of jewelry in paragraph 1428. *United States* v

*Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348; *United States v. Clarke & Co.*, 13 Ct. Cust. Appls. 462, T. D. 41349. The imported articles are not plated with gold, silver, or platinum, and it is evident that they are within the clear unambiguous language of paragraph 348 and dutiable at 55 per centum ad valorem as therein prescribed.

Paragraph 399 does, as held by the board, provide for articles or wares composed wholly or in chief value of platinum or gold or silver, but that provision is certainly more comprehensive and less specific than paragraph 348, which subjects to a duty of 55 per centum ad valorem snap fasteners and clasps by whatever name known or of whatever material composed, not plated with gold, silver, or platinum. Just why gold-plated, silver-plated, and platinum-plated fasteners or clasps were excluded from paragraph 348, and just why fasteners or clasps made of gold, silver, or platinum were not excluded, we can not explain. Whether the omission was intentional or the result of a legislative slip we do not know, but we do know that the language used defining the component materials of fasteners and clasps dutiable under paragraph 348 requires no interpretation, and that we have no power to make an exception which Congress either did not choose to make or forgot to make. The paragraph having made one exception, it must be presumed that no other exception was intended, nothing to the contrary appearing. *United States v. Field & Co.*, 7 Ct. Cust. Appls. 430, 431. In our opinion the snap fasteners or clasps are dutiable under paragraph 348 at 55 per centum ad valorem.

The judgment of the Board of General Appraisers is therefore *reversed.*