178

UNITED STATES *v.* RICE-STIX DRY GOODS CO. (No. 3443) [1]

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence,* Assistant Attorney General (*Daniel P. McDonald,* special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument October 13, 1931, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD; GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The Government has appealed to this court from a judgment of the United States Customs Court wherein certain merchandise was held dutiable as belt buckles at 15 cents per hundred and 20 per centum ad valorem under the provisions of paragraph 346, Tariff Act of 1922, and certain other articles held dutiable as metal clasps not plated with gold, silver or platinum, at 55 per centum ad valorem under paragraph 348 of said act.

In so holding, the Customs Court sustained the protest of appellee, reversing the decision of the collector who held all the articles here involved to be specially provided for under paragraph 1428, as articles valued above 20 cents per dozen designed to be worn on apparel or carried on or about or attached to the person, and assessed them for duty at 80 per centum ad valorem.

In the importation, and referred to in the record, there was another class of articles known as "slides," but this class is not here involved.

Much of the argument in the Government's brief is devoted to the efforts to show that commercial designation was not established. The brief of appellee expressly disclaims any attempt to prove such

---

[1] T. D. 45278.

designation as distinguished from the common meaning, and so that question is eliminated from our consideration.

The merchandise embraced in the belt-buckle classification of the Customs Court's decision is represented by three exhibits, Nos. 1, 2, and 3. Exhibit 1 is an oval-shaped buckle, apparently made of brass which has been gilded. It is ornamented after a fashion with filigree work. Exhibit 2 is rectangular in shape, having filigree work and being set with four imitation emeralds. Exhibit 3 is octagonal in shape and is also ornamented with filigree work. Each of the exhibits has a bar running through the center, to which bar is attached a curved prong or tongue such as is common to belt buckles.

The pertinent portion of paragraph 346 reads as follows:

PAR. 346. Belt buckles, trouser buckles, and waistcoat buckles, shoe or slipper buckles, and parts thereof, made wholly or partly of iron, steel, or other base metal, * * * valued at more than 50 cents per hundred, 15 cents per hundred; and in addition thereto, on all of the foregoing, 20 per centum ad valorem.

That portion of paragraph 1428 which seems here material reads:

PAR. 1428. * * * articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * and like articles; * * * composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate * * * 80 per centum ad valorem.

In the opinion of the trial court, written by Judge Sullivan, Abstract 15369, there is a full and fair review of the material testimony in the case, with reference to both the buckles and the clasps. After this review the court, speaking of the buckles, says:

It seems to us the weight of the testimony indicates that the merchandise represented by Exhibits 1, 2, and 3 is belt buckles made wholly or partly of base metal.

We have carefully examined the testimony in the light of the Government's argument but see no reason to disturb the court's finding of facts, since the finding is not, in our opinion, against the weight of the evidence. It is shown by the Government's witness, Mr. Ulrich, that he has seen such buckles on women's hats, but he states that he would not undertake to say what their chief use would be. The other testimony sustains the contention that the chief use is as buckles for ladies' belts.

The question is whether the buckles in issue were commonly or commercially known as belt buckles on September 21, 1922, the date of the passage of the Tariff Act of 1922. *Goldsmith's Sons* v. *United States* 13 Ct. Cust. Appls. 69, T. D. 40932.

There is evidence in the record that they were so known, and we can not say that the judgment of the court below is against the weight of the evidence.

Exhibit 5 represents the merchandise classified by the Customs Court as clasps under paragraph 348, which reads in part:

PAR. 348. Snap fasteners and clasps, * * * by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum, * * * 55 per centum ad valorem.

The finding of the Customs Court as to these articles reads:

The weight of the testimony indicates that Exhibit 5 and the merchandise represented thereby is a metal clasp, not plated with gold, silver, or platinum.

This finding is, in our opinion, in accord with the weight of the evidence and may not properly be disturbed.

Such being the case, the classification of this particular merchandise is controlled by *United States* v. *Clarke & Co.*, 13 Ct. Cust. Appls. 462, T. D. 41349, following *United States* v. *Murphy & Co.*, 13 Ct. Appls. 456, T. D. 41348. The doctrine of those cases was reiterated in *United States* v. *European Watch & Clock Co.*, 13 Ct. Cust. Appls. 522, T. D. 41393.

The judgment of the United States Customs Court is *affirmed.*

*Charles D. Lawrence*, Assistant Attorney General (*Daniel P. McDonald*, special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.