CAUVIGNY BRUSH CO. *v.* UNITED STATES (No. 281).[1]

PYROXYLIN OR CELLULOID ARTICLES.

Combs, boxes, and handles made wholly of pyroxylin or celluloid are dutiable under paragraph 17, tariff act of 1909.

United States Court of Customs Appeals, November 30, 1910.

APPEAL from a decision of the Board of United States General Appraisers, G. A. 7022 (T. D. 30634).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd,* Assistant Attorney General, and *Charles E. McNabb* (*John A. Kemp* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

The Cauvigny Brush Co., appellant, imported certain combs, boxes, and handles, which, it is admitted, were made wholly of pyroxy-

lin or celluloid.   They were assessed for duty under paragraph 17 of the tariff act of August 5, 1909, at 65 cents per pound and 30 per cent ad valorem.

Paragraph 17 of the act of 1909 reads as follows:

17. Collodion and all compounds of pyroxylin or of other cellulose esters, whether known as celluloid or by any other name, forty cents per pound; if in blocks, sheets, rods, tubes, or other forms, not polished, wholly or partly, and not made up into finished or partly-finished articles, forty-five cents per pound; if polished, wholly or partly, or if in finished or partly finished articles, except moving-picture films, of which collodion or any compound of pyroxylin or of other cellulose esters, by whatever name known, is the component material of chief value, sixty-five cents per pound and thirty per centum ad valorem.

The importers claim that the merchandise is dutiable as nonenumerated articles at 20 per cent ad valorem under paragraph 480, or if not under 480, then by similitude of material at 40 cents per pound or 45 cents per pound, under paragraph 17, just quoted.   The importers argue that "as the articles are composed not in chief value of pyroxylin, but entirely of pyroxylin, they are not within the meaning of the provision under which they were assessed," and in support of this view call our attention particularly to the fact that paragraph 17 of the tariff act of 1897 provided for the assessment of duties upon articles of collodion or pyroxylin "if in finished or partly finished articles, and articles of which collodion or any compound of pyroxylin is the component material of chief value."   We quote paragraph 17 of the act of 1897:

Collodion and all compounds of pyroxylin, whether known as celluloid or by any other name, fifty cents per pound; rolled or in sheets, unpolished, and not made up into articles, sixty cents per pound; if in finished or partly finished articles, and articles of which collodion or any compound of pyroxylin is the component material of chief value, sixty-five cents per pound and twenty-five per centum ad valorem.

Counsel for appellants say:

Paragraph 17 of the tariff act of July 24, 1897, provides for articles composed of pyroxylin and also articles composed in chief value of pyroxylin.   Paragraph 17 of the act of 1909, under which the articles at bar were assessed, provides only for articles in chief value of pyroxylin.   The inference is plain that Congress meant to change the law in regard to the classification of articles composed entirely of pyroxylin.

The difficulty with this argument lies in its conflict with the language employed by Congress.   There are no words in either of the paragraphs quoted which exclude articles composed wholly of collodion; on the contrary, both sections expressly cover articles of which collodion or any compound of pyroxylin "* * * is the component material of chief value," and both sections appear to have been drawn so as to cover collodion and all compounds of pyroxylin, when in cruder forms, when advanced beyond the crude but not made up into finished articles, and when finished.   True, the

act of 1909 is more specific in its enumeration of articles, and makes definite changes in duties to be assessed, but we find nothing upon which to rest a conclusion that Congress in any language of the act of 1909 meant to narrow its scope by excluding articles which were included in the act of 1897 and are composed entirely of pyroxylin.

And as it is admitted that the interpretation put upon the act of 1897 has been that it includes articles made entirely of celluloid, we are all of opinion that Congress did not intend to change the classification by the slight change of language. In re Guggenheim Smelting Co. (121 Fed. Rep., 153). Swayne v. Hager (37 Fed Rep., 780). United States v. Eschwege et al. (98 Fed. Rep., 600).

These views dispose of the case, and lead to an affirmance of the decision of the Board of General Appraisers.