HENSEL *v.* UNITED STATES (No. 797).[1]

PARTS OF MESH BAGS COMPOSED OF SILVER.

> The words "composed of silver" in paragraph 448, tariff act of 1909, are not to be construed as relating back and modifying "bags, purses, and other articles" in the paragraph; they relate solely to the words "metal mesh," immediately preceding. To hold otherwise would result in absurdity. The importation is dutiable as made in chief value of metal mesh composed of silver.—Cauvigny Brush Co. *v.* United States (1 Ct. Cust. Appls., 118; T. D. 31118).

United States Court of Customs Appeals, March 26, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7287 (T. D. 31939).

[Affirmed.]

*Churchill & Marlow* for appellant.

*William L. Wemple*, Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves the sole question of the interpretation of a provision of paragraph 448 of the tariff act of 1909. That provision reads:

448. * * * Finished or unfinished bags, purses, and other articles, or parts thereof, *made in chief value of metal mesh composed of silver*, German silver, or white metal; valued at two dollars per dozen pieces, ten cents per piece and in addition

---

thereto three-fifths of one cent per dozen pieces for each one cent the value exceeds two dollars per dozen * * *.

The italics are, of course, ours.

The importation consisted of a part of a silver mesh bag composed wholly of silver mesh, and in the condition imported ready to be attached to the other portion, or frame, of the bag to make the completed article.

The contention of the appellant is that the words "composed of silver," as used in the provision of the paragraph quoted, relate back and modify the words "bags * * *, and other articles, or parts thereof," and do not relate solely to the words "metal mesh," their immediate antecedent.

The result of this contention, as asserted by appellants, is that the provision in question relates only to those "parts" of bags which are in chief value only of metal mesh composed of silver, etc., and combined with some other metal as the minor quantity, and does not relate to or include those "parts" of such bags composed wholly of such metal mesh.

As noted, this interpretation relates the words "composed of silver" beyond the words "metal mesh" and back to the words "bags * * *, and other articles, or parts thereof."

The phrase in question obviously occurs in the middle of a sentence composed of several branches. The rule of relation of words and phrases in such cases is set forth in section 409 of Lewis's Sutherland Statutory Construction, wherein it is recited:

The grammatical rule, which is also the legal rule, in construing statutes was held to be that where general words occur at the end of a sentence they refer to and qualify the whole; while if they are in the middle of a sentence and sensibly apply to a particular branch of it they are not to be extended to that which follows.

More precisely the applicable rule in this case finds its expression in section 420 of the same work, in the following language:

Relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent.

The last antecedent in this case is "metal mesh," separated by a comma from the preceding antecedents.

Not only does the act fail to exhibit, when read as an entirety, this paragraph in conjunction with other paragraphs of the act, an intention to refer the words "composed of silver" to the antecedents before that next preceding, but the contrary intent is manifested. Reading this paragraph in conjunction with other paragraphs of the law discloses the intention upon the part of Congress to put upon metal-mesh bags an exceptional rate of duty. If the contention of the appellant is correct, and the words are read as appellant claims,

the result would be that bags and parts thereof composed in chief part of metal mesh would bear an exceptionally high rate of duty, whilst those composed wholly of metal mesh would bear a much lower rate of duty.

It is a fundamental and well-established principle of statutory construction that absurd and ridiculous results must be avoided where the language of a statute will permit. This rule of construction finds its apt expression by the Supreme Court in the case of United States *v.* Kirby (74 U. S., 482, 486), wherein the court said:

All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, *or an absurd consequence.* It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter. Reiche *v.* Smythe (80 U. S., 162).

Applying this rule of construction in the ascertainment of the legislative intent as to the relative modifying effect of the words "composed of silver" in the paragraph in question, its status is fixed beyond question as indicated by the well-established rules of statutory construction quoted, *supra.*

Moreover, this court in the case of Cauvigny Brush Co. *v.* United States (1 Ct. Cust. Appls., 118; T. D. 31118) considered a precisely similar question. While the reasoning of the court in that case was fortified by a different relative position of the words in question in the statute, in principle that case is an authority here.

The decision of the Board of General Appraisers is *affirmed.*