UNITED STATES *v.* COHN & ROSENBERGER (No. 859).[1]

ARTICLES COMMONLY OR COMMERCIALLY KNOWN AS JEWELRY.

The articles are hand-wrought sterling-silver necklets, set with pearls and marquisettes. The words "gold or platinum" in paragraph 448, tariff act of 1909, refer to and qualify the immediately preceding classification only, "chain, mesh, and mesh bags and purses," and not to all articles commonly or commercially known as jewelry. The goods are duitable at 60 per cent under that paragraph.

United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7330 (T. D. 32281).

[Modified.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, on the brief), for the United States.

*Hatch & Clute* (*Edward S. Hatch* and *Walter F. Welch* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of certain silver necklets, which were imported under the tariff act of 1909. They were assessed with duty by the collector at cumulative rates equal to 85 per cent ad valorem, under the provisions of paragraph 448 of the act, as "brooches, lockets, necklaces, and other articles of personal

---

[1] Reported in T. D. 32571 (22 Treas. Dec., 945).

adornment of silver and of brass, plated, some set with imitation precious stones, valued at over 20 cents per dozen pieces."

The importers duly filed their protest to this assessment, claiming, among other things, that the importations were dutiable at 60 per cent ad valorem under paragraph 448, as "articles commonly or commercially known as jewelry," etc. The alternative claim was made that the articles were manufactures of metals, not specially provided for, dutiable at 45 per cent ad valorem under paragraph 199 of the act.

The protest was heard by the Board of General Appraisers, and was sustained upon the latter claim, the board holding that the goods were dutiable at 45 per cent ad valorem as manufactures of metal, not specially provided for under paragraph 199. The Government now appeals from that decision.

Paragraph 448, above mentioned, reads as follows:

448. Chains, pins, collar, cuff, and dress buttons, charms, combs, millinery and military ornaments, together with all other articles of every description, finished or partly finished, if set with imitation precious stones composed of glass or paste (except imitation jet), or composed wholly or in chief value of silver, German silver, white metal, brass, or gun metal, whether or not enameled, washed, covered, plated, or alloyed with gold, silver or nickel, and designed to be worn on apparel or carried on or about or attached to the person, valued at twenty cents per dozen pieces, one cent each and in addition thereto three-fifths of one cent per dozen for each one cent the value exceeds twenty cents per dozen; all stampings and materials of metal (except iron or steel), or of metal set with glass or paste, finished or partly finished, suitable for use in the manufacture of any of the foregoing articles (except chain valued at less than thirty cents per yard other than nickel or nickel-plated chain), valued at seventy-two cents per gross, three cents per dozen pieces and in addition thereto one-half of one cent per gross for each one cent the value exceeds seventy-two cents per gross; rope, curb, cable, and other fancy patterns of chain, without bar, swivel, snap or ring, composed of rolled goldplate or of silver, German silver, white metal, or brass, not exceeding one-half of one inch in diameter, breadth or thickness, valued at thirty cents per yard, six cents per foot, and in addition thereto three-fifths of one cent per yard for each one cent the value exceeds thirty cents per yard; finished or unfinished bags, purses and other articles, or parts thereof, made in chief value of metal mesh composed of silver, German silver, or white metal, valued at two dollars per dozen pieces, ten cents per piece and in addition thereto three-fifths of one cent per dozen pieces for each one cent the value exceeds two dollars per dozen; all of the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act, twenty-five per centum ad valorem in addition to the specific rate or rates of duty herein provided; all articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

The articles are delicately wrought sterling-silver necklets, each set with a genuine pearl, and with marquisettes, which are semiprecious stones. The pearl and marquisettes constitute the chief value of each piece. The article is hand-wrought and plainly exhibits the

handiwork of the jeweler. It is both commonly and commercially known as jewelry.

The description just given seems to bring the merchandise within the last classification established by paragraph 448, in accordance with the first claim presented by the importers' protest. The articles are commonly and commercially known as jewelry; they are finished; they are set with pearls and with semiprecious stones.

It is suggested, however, that the last provision of paragraph 448 provides only for articles composed of gold or platinum, and if this suggestion be accepted, the importations of course can not be placed within it. In order that this question may be the better presented, the last provision of paragraph 448 is again copied:

448. * * * All articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

It will be seen at once that if the qualification, "composed of gold or platinum," modifies the first classification, viz, "all articles commonly or commercially known as jewelry," then the importations can not be brought within this provision, for they are not composed of either gold or platinum. But, on the other hand, if the qualifying phrase modifies only the classification immediately preceding it, viz, "chain, mesh, and mesh bags and purses," then it is equally clear that the importations should be assessed under the provision in question. That question therefore becomes the controlling factor in the case.

The ordinary rules of grammatical construction favor the view that the qualifying phrase relates only to the antecedent immediately preceding it. That view is furthermore sustained by the fact that the qualifying phrase in question is introduced by the word "including," which is here used as a word of addition rather than of specification. Chain, mesh, and mesh bags and purses composed of gold or platinum would not be included within the classification "all articles commonly or commercially known as jewelry," unless added thereto by force of such a provision as that above quoted.

It may also be noted that the preceding provisions of the paragraph contain a classification of "bags, purses, and other articles or parts thereof, made in chief value of metal mesh composed of silver, German silver, or white metal." Apparently the complement to that provision is the one now in question, whereby a different rate of duty is assessed upon such articles if composed of gold or platinum.

The court is therefore inclined to the conclusion that only the provision for bags and purses is modified by the phrase "composed of gold or platinum" and that the classification "all articles commonly or commercially known as jewelry" is not modified thereby. And this inclination is strengthened by a contemplation of the concrete

result which in this case would follow the adoption of a contrary rule. Under such a ruling the present importations would be relegated to the residuary metal paragraph and would find no place at all in the lengthy and comprehensive paragraph which obviously is designed to be the jewelry paragraph. The articles themselves, however, are most distinctively articles of jewelry and are commonly and commercially known as jewelry. It is suggested in answer to this that necklets of silver having pearls and marquisettes as chief value are so unusual that Congress did not consider it necessary to provide for them under the jewelry paragraph. This suggestion, however, hardly seems to be tenable either in fact or theory.

As stated in the premises, the board overruled the assessment of the importations at the compound rate of 85 per cent ad valorem, as made by the collector, and it is conceded that thus far the ruling of the board was correct. The collector's assessment was based upon the finding that the articles in question were set with imitation precious stones and were in chief value of silver, whereas in fact the articles were not set with imitation precious stones and were not in chief value of silver.

The decision of the board reversing the assessment by the collector is therefore *affirmed*, but with the modification that the importations be assessed with duty at 60 per cent ad valorem as articles commonly or commercially known as jewelry, and reliquidation is ordered accordingly.

*Modified.*