## UNITED STATES *v.* FLORY & Co. (No. 872).[1]

GOLD-PLATED LACE PINS.

The articles of the importation are complete in themselves, are made of the precious metals or in imitation of precious metals, and are designed to be worn on the person because of their ornamental character. These goods are jewelry within the common understanding of the term and are dutiable under paragraph 448, tariff act of 1909.—Robbins *v.* Robertson (33 Fed., 709); Bader *v.* United States (116 Fed., 541).

### United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, Abstract 27809 (T. D. 32297), Abstracts 27846 and 27848 (T. D. 32302).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Frank L. Lawrence*, special attorney, on the brief), for the United States. *Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs at the port of New York classified the following goods as jewelry and assessed them for duty at 60 per cent ad valorem under the last clause of paragraph 448 of the tariff act of 1909:

(1) Brooches having brass pins and made in chief value of vulcanized rubber in imitation of jet.

(2) Lace pins with fancy heads and steel shafts completely gold plated and valued at less than 20 cents per dozen.

(3) Brooches made of brass and valued at less than 20 cents per dozen.

(4) Neck chains made of brass, plated, and valued at less than 20 cents per dozen.

The part of paragraph 448 under which the classification was made is as follows:

448. * * * All articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

---

[1] Reported in T. D. 33367 (24 Treas. Dec., 586).

The importers protested that the articles mentioned were not dutiable under paragraph 448, and claimed that they were more aptly and specifically provided for under various other paragraphs of the tariff act of 1909. The only paragraphs actually relied upon, however, by the importers were paragraphs 464 and 199, which are as follows:

464. Manufactures of gutta-percha, ivory, vegetable ivory, mother-of-pearl and shell, plaster of Paris, papier-maché, and vulcanized india rubber known as "hard rubber," or of which these substances or any of them is the component material of chief value, not specially provided for in this section, and shells engraved, cut, ornamented, or otherwise manufactured, thirty-five per centum ad valorem.

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The Board of General Appraisers decided—

(a) That the brooches provided with brass pins, but made up in chief value of vulcanized rubber in imitation of jet, were dutiable at 35 per cent ad valorem under paragraph 464.

(b) That the lace pins were not dutiable as jewelry, but as manufactures of metal at 45 per cent ad valorem under paragraph 199.

(c) That the brooches made of brass were not dutiable as jewelry, but as manufactures of metal at 45 per cent ad valorem under paragraph 199.

(d) That the neck chains made of brass and plated were not dutiable as jewelry, but as manufactures of metal at 45 per cent ad valorem under paragraph 199.

From the decision of the board the Government appealed, but in the brief filed by it admits that the brooches made in chief value of vulcanized rubber in imitation of jet were properly classified by the board, and therefore withdraws its appeal as to that particular class of merchandise. The importers, on their part, expressly concede in their brief that the Government is entitled to a reversal as to the brass brooches and the gold-plated brass neck chains. By these admissions on behalf of the parties to the litigation but one issue is left to be determined, and that is the dutiable status of the gold-plated lace pins.

The pins have solid heads, but as they are gold plated they are expressly excluded from the operation of paragraph 188. They are designed "to be worn on apparel or carried on or about or attached to the person," but as they are valued at less than 20 cents per dozen pieces they do not fall within the description of the pins provided for in the first clause of paragraph 448. They are, of course, manufactures of metal, but if they belong to that class of metal articles commonly or commercially known as jewelry, then they are more specifically provided for as jewelry under the last clause of paragraph 448

and can not be assessed for duty under paragraph 199 as *articles not specially provided for,* composed wholly or in part of metal.

The goods are fully gold plated and are therefore made in imitation of one of the precious metals. They are complete in themselves and have an individuality of their own which distinguishes them from the attire or wearing apparel to which they may be attached. They are valuable to the consumer rather because of their ornamental character than by reason of their utility, and are clearly designed to be used as articles of personal adornment. In fact, except that they are somewhat smaller, there is nothing to distinguish the so-called lace pins from scarfpins or stick pins, and there is nothing about them which would lead the casual observer to believe that they are anything other than what they seem to be, namely, articles of gold designed to be worn on the apparel as an ornament. Whatever else may be so regarded, merchandise of such a nature, in our opinion, comes within the common understanding of jewelry and is covered by the last clause of paragraph 448.

It is true, as contended by counsel for the appellants, that there are hat, shawl, belt, toilet, and lace pins which are not commonly known as jewelry, and that the Board of General Appraisers, as well as the courts, have so declared. T. D. 26679, T. D. 27390, Abstract 15614 (T. D. 28223); Abstract 15701 (T. D. 28258), Dieckerhoff *v.* United States (T. D. 25213); United States *v.* Schiff (T. D. 26492).

We think, however, that it is very apparent from the decisions that such pins were not ornamental in character and that they were neither used nor intended to be used as articles of personal adornment. The pins which were held by the board and the courts not to be commonly known as jewelry performed the office of mere pins, and in truth did not materially differ from the ordinary metal pins of commerce. They had longer shanks and larger heads than the ordinary pins, and the heads appear to have been composed not of metal, but either of imitation round or baroque pearls or of plain wax, paste, or glass colored to harmonize with the apparel to which they were attached. These variations from the common pin seem to have been inspired, however, not by the purpose of converting the articles into ornaments but rather by the necessity of meeting special conditions arising from the thickness or the thinness of the materials to be pinned, and by the demands of good taste, which required that such pins should serve their utilitarian purpose without being unduly conspicuous.

So far as we can find, articles such as those imported, complete in themselves, made of the precious metals or in imitation thereof, and attached to the attire because of their ornamental character rather than because of their utility, have been uniformly held to be jewelry within the common understanding of the term. T. D. 20298, T. D. 25213, T. D. 25309, T. D. 25311, T. D. 26507, T. D. 26679, T. D.

26681, T. D. 26914, T. D. 27571; Robbins v. Robertson (33 Fed., 709, 710–711); Bader v. United States (116 Fed., 541).

As to the brooches having brass pins and composed in chief value of vulcanized rubber, the decision of the Board of General Appraisers is *affirmed*.

As to the brass brooches, the brass neck chains, plated, and the gold-plated lace pins, the decision of the Board of General Appraisers is *reversed*.