SCIENTIFIC SUPPLY IMPORTING CO. *v.* UNITED STATES (No. 1195).[1]

1. GLASS BLOWN IN A MOLD.

    The general rule is that an excepting clause relates to what immediately precedes it, and that it will be so construed unless the legislature has clearly manifested a contrary intent, and there is in paragraph 98, tariff act of 1909, no indication of intent to apply the exception to what follows as well as to what goes before it. The given articles of glass blown in a mold were dutiable under that paragraph.

2. COLORED GLASS FUNNELS.

    In said paragraph 98 it was intended to declare that if an article otherwise within the paragraph was susceptible of use as a container, no difference should be made in its assessment whether unfilled or filled, as imported, with contents dutiable or free.—Stern *v.* United States (105 Fed., 937); Dingelstedt *v.* United States (91 Fed., 112) distinguished.

## United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, G. A. 7436 (T. D. 33216) [Affirmed.]

*Jules Chopak, jr.* (*Walter Evans Hampton* of counsel), for appellant.
*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* special attorney, on the brief), for the United States.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The classification of many articles represented by numerous exhibits was involved in the hearing before the Board of General Appraisers in this case. Some protests were overruled · and some sustained. Some exhibits are broken, and the Government's brief indicates an uncertainty as to precisely what merchandise is involved in this appeal.

The importers' brief, however, states that the merchandise may be divided into two classes—

    (1) That covered by the third finding of the board, as glass boxes or dishes, blown in the mold, with covers ground, the grinding costing more than the blowing.

    (2) Funnels or other similar articles, not designed or susceptible for use in holding liquids, solids, or semisolids.

The third finding of the board is as follows:

    3. Glass boxes or dishes, some being rectangular in shape and others cylindrical, all blown in a mold, with covers, both the boxes and the covers therefor being ground for the purpose of fitting, which grinding in Exhibits 4 and 13 costs more than the articles before grinding, while in Exhibits 9, 14, and 21 the glass boxes or dishes are of more value than the grinding.

The seventh finding of the board, which we take it relates to the importer's second above classification, is as follows:

    7. Funnels with receptacles composed of amber-colored glass blown in a mold, the receptacle having a molded handle attached by annealing, the blown glass being the component material of chief value, represented by Exhibit 11.

This case is disposed of with the understanding that the importer's description of the merchandise is correct.

---

[1] Reported in T. D. 34094 (26 Treas. Dec., 86).

No claim is made that the board erred as to any finding of fact relating to the conditions or character of the merchandise, but error is claimed in that an assessment under paragraph 98 of the tariff act of 1909 was sustained, it being claimed by the importer that as a matter of law the merchandise should have been held dutiable under paragraph 109 of the same act.

The two paragraphs are as follows:

98. Glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, engraved, painted, decorated, ornamented, colored, stained, silvered, gilded, etched, sand blasted, frosted, or printed in any manner, or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; all of the foregoing, not specially provided for in this section, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem: *Provided,* That for the purposes of this act, bottles with cut-glass stoppers shall, with the stoppers, be deemed entireties.

109. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The importer argues that when articles are ground for purposes other than ornamentation they are excluded from paragraph 98 by the excepting clause, "except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation," and that where the cost of grinding is greater than blowing the article is not dutiable under said paragraph.

This contention manifestly relates to the first class of the merchandise involved in this appeal.

It is apparent that the paragraph embraces two general classes of glassware, the first class being mentioned before the excepting clause and the second class after it. Whatever may be included in the first class, Congress expressly declares that the second class covers "all articles of every description, including bottles and bottle glassware * * *, blown either in a mold or otherwise." This language is comprehensive and specific, clear and unambiguous, and when an article within its terms is not otherwise specially provided for it must be classified thereunder.

The merchandise we are now considering is concededly glass blown in a mold and so within the quoted provision, unless the fact that it is ground excludes it therefrom. But although ground it is still a glass article blown in a mold. It is true that the grinding may render it more useful and serviceable, but it has not changed its form or shape or converted it into a manufacture of glass; it is no new or different article than was produced by the original process of blowing the glass in a mold, only more useful.

The exception in the paragraph does not apply to what follows it.

The general rule is that an excepting clause relates to what immediately precedes it, and that it will be so construed, unless the legislature has clearly manifested a contrary intent. Hensel v. United States (3 Ct. Cust. Appls., 117; T. D. 32366); United States v. Cohn (3 Ct. Cust. Appls., 273; T. D. 32571).

We find here no indication of a congressional intent to apply the exception to what follows as well as to what goes before it. The punctuation and grammatical construction indicate otherwise. There is full scope for the application of the exception, if it be held to limit only what goes before it, because the first part of the paragraph may clearly relate to articles not blown in a mold or otherwise, and by so limiting its application full effect is given to the specific and comprehensive language used in describing the articles which follow the exception.

As to class 2, the colored glass funnels or similar articles not designed or susceptible for use in holding liquids, solids, or semisolids, the importer claims that the provision in the paragraph that "all of the foregoing not specially provided for in this section, filled or unfilled, and whether their contents be dutiable or free" removes from its purview everything otherwise classifiable thereunder that can not be successfully used as a container.

It is urged that the case of Dingelstedt v. United States (91 Fed., 112), which considered paragraph 86 of the tariff act of 1894 relating to "all articles composed of earthen or mineral substances not specially provided for, if decorated, * * * if not decorated," and held that merchandise to come within the purview of the paragraph must be *susceptible* of decoration, is in point and is controlling, especially in view of the fact that the Supreme Court, in United States v. Downing (201 U. S., 354), apparently approved such construction of that particular statute, although its decision was upon other grounds.

There is, however, we think, a manifest difference in the structure and language of the paragraph referred to in the Dingelstedt case and the one here under consideration. The paragraph there construed expressly related to articles "if decorated" and "if not decorated." Here, however, the first line of the paragraph includes articles "of every description" and later again refers to blown glass articles "of every description," all of which are declared dutiable under the paragraph, and it is manifest that this language includes articles which are not containers.

The use of the words "if decorated" and "if not decorated" in the statute before the court in the Dingelstedt case might have warranted, in view of the reasons suggested therefor, the construction given thereto, but we do not think it is controlling here.

Paragraph 98 should not be given the construction claimed by the importer because, when read as a whole, we think it clearly shows that by the use of the words "filled or unfilled" Congress simply

intended to declare that if an article otherwise within the paragraph was susceptible of use as a container it should make no difference in its assessment whether it was filled or unfilled when imported, neither should it be affected by the fact that its contents were dutiable or free. In other words, out of abundant caution Congress declared that such facts should not affect the rate of duty.

In the case of Stern *v.* United States (105 Fed., 937) the same Circuit Court of Appeals in which the Dingelstedt case was decided held that paragraph 100 of the act of 1897, which was the predecessor of paragraph 98 now before us, and which for the purposes of that decision is not materially different from paragraph 98, was not susceptible of the construction claimed by the importer here and in its decision reviewed the Dingelstedt case. The reasoning of the court, which it is unnecessary to repeat, by which it reached its conclusion we think is applicable to paragraph 98, and is eminently sound. See also Hempstead *v.* United States (158 Fed., 584), where the Circuit Court of Appeals for the Third Circuit fully reviews the three cases referred to relating to this question. *In re* Scoville & Adams Co., G. A. 4298 (T. D. 20214).

It is said in the Government's brief that these funnels, being of colored glass, are, if for no other reason, dutiable under paragraph 98. While probably the assessment of these articles might be sustained upon that view alone on the authority of United States *v.* Wakem (2 Ct. Cust. Appls., 411; T. D. 32170), we think the assessment below is equally sustainable upon the view first suggested, and as counsel for the importer expressly asks that its first contention be decided, in view of the fact that other protests on that point are pending, we have considered the same.

The judgment of the Board of General Appraisers is *affirmed.*