UNITED STATES *v.* MORIMURA BROS. (No. 1724).[1]

1. CONSTRUCTION, PARAGRAPH 333, TARIFF ACT OF 1913.

The language " curtains, and other articles not embroidered nor appliquéd," paragraph 333, tariff act of 1913, does not exclude such articles as are not susceptible of being embroidered or appliquéd.—Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110) distinguished and limited.

2. BEAD CURTAINS, HOW DUTIABLE.

Curtains composed in chief value of glass or rice paste beads strung on cotton threads suspended from a horizontal bar or rod are dutiable as " curtains * * * composed wholly or in chief value of beads * * *," paragraph 333, tariff act of 1913.

## United States Court of Customs Appeals, November 2, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7889 (T. D. 36343).

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

*B. A. Levett* for appellees.

[Oral argument Oct. 19, 1916, by Mr. Doherty and Mr. Levett.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 333 of the tariff act of October 3, 1913, provides as follows:

Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains, and other articles not embroidered nor appliquéd and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.

The merchandise in this suit is composed in chief value of beads strung on cotton thread suspended from a horizontal bar or rod. These beads are made of rice paste or glass, and the importation was assessed under the last clause of the above paragraph.

Various protests were made against this assessment, and upon hearing before it the Board of General Appraisers held in substance that because paragraph 333 contained the words " not embroidered nor appliquéd " after the word " articles " in the last clause thereof, these curtains were not dutiable thereunder in view of the fact found by it that they were not susceptible of being embroidered or

---

[1] Reported in T. D. 36801 (31 Treas. Dec., 426).

appliquéd. The board's conclusion was rested upon the doctrine of the case of Fensterer & Ruhe v. United States (1 Ct. Cust. Appls., 93; T. D. 31110), in which this court, following other cases, held that under paragraph 96 of the tariff act of 1897, which it is unnecessary to quote here, the fact that provision was made for certain articles decorated or ornamented in any manner at one rate of duty, and, if not so ornamented or decorated, at another rate, it must appear that the merchandise was susceptible of such decoration or ornamentation to be classifiable under the paragraph. The importers here rely upon the rule of that case to sustain the decision below.

Upon the part of the Government it is urged in substance that the doctrine of the cited case is not applicable to said paragraph 333, and that therefore the judgment below should be reversed.

At the outset it may with propriety be observed that in the case of Fensterer & Ruhe v. United States this court somewhat reluctantly followed what it deemed to be the rule of construction applicable to the paragraph there under consideration, because of the interpretation which identical language in an earlier statute relating to the same subject matter had received in other Federal courts, but that rule has never been extended by this court.

It will be noted that in paragraph 421 of the act of 1909, the ancestor of paragraph 333 of the act of 1913, the clause comparable with the one here involved, read " fabrics, net or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings, curtains, fringes, and other articles not specially provided for in this section " and did not contain the words " not embroidered nor appliquéd," while in paragraph 333 all the *eo nomine* descriptions except curtains are omitted, and the words " and other articles not embroidered nor appliquéd " are inserted apparently in lieu of such *eo nomine* and other designations, and also that the new paragraph contains no provisions for articles that *are* embroidered or appliquéd.

Referring to the cases, it appears that one of the considerations which seem to have led to the adoption of the rule followed by this court in Fensterer & Ruhe v. United States was the fact that the paragraph in question contained provisions for the assessment of duty at different rates for both the articles that were decorated and those that were not decorated, enumerated in the paragraph, it being said in one of the cases that that language apparently indicated that Congress had in mind articles that were susceptible of decoration, and further, that, although such an argument might support some particular theory of construction, it was not controlling, the most persuasive argument being the probable congressional intent. See United States v. Downing (201 U. S., 354), Hempstead v. United States (158 Fed., 584), and Stern v. United States (105 Fed., 937).

We are unwilling in the case at bar to extend the doctrine of the Fensterer case to paragraph 333. There is nothing in the language and nothing in the history of the paragraph, so far as called to our attention, that suggests that Congress had in mind the thought that curtains composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material to be dutiable thereunder must be susceptible of being embroidered or appliquéd. Indeed, it is not beyond belief that Congress regarded it as improbable that curtains wholly or in chief value of such beads or spangles would, as a general thing, be either embroidered or appliquéd.

We think the language is, however, suggestive of the thought that Congress intended that the curtains of paragraph 421 of the preceding act composed wholly or in chief value of beads, spangles, etc., without regard to their susceptibility of being embroidered or appliquéd, should remain classifiable thereunder, and that other articles which in fact were not embroidered or appliquéd, likewise composed, should receive the same classification, leaving to the other paragraphs the rule for their classification if *in fact* embroidered or appliquéd. This seems to us consistent with the apparent plan of revision of various other paragraphs of the act of 1909, which resulted in making dutiable under paragraph 358 of the act of 1913 a large number of articles embroidered or ornamented theretofore classifiable under one of several different paragraphs of the earlier act. Then, too, the punctuation of paragraph 333, we think, warrants the conclusion that the words " embroidered " and " appliquéd " do not relate to curtains but are limited to " other articles " composed wholly or in chief value of beads or spangles made of materials afterwards therein enumerated.

The conclusion we reach is analogous to that heretofore announced in the case of Scientific Supply Importing Co. *v.* United States (5 Ct. Cust. Appls., 56; T. D. 34094). See also United States *v.* Wells, Fargo & Co. (1 Ct. Cust. Appls., 158; T. D. 31211), Hensel *v.* United States (3 Ct. Cust. Appls., 117; T. D. 32366), and Kaskel *v.* United States (4 Ct. Cust. Appls., 38; T. D. 33264).

For the reasons above stated, we think the judgment of the Board of General Appraisers upon the protests involved in this appeal ought to be reversed, and it is so ordered.

*Reversed.*