## UNITED STATES *v.* BARTIROMO (No. 1952).[1]

1. STRUNG BEADS—ARTICLES MADE OF BEADS—PARAGRAPH 333, TARIFF ACT OF 1913.

   Coral beads which have been cut to final globular shape, pierced, graded, and temporarily strung in final relation from large to small, for use and wear as coral necklaces, are not classifiable as articles in chief value of beads under the last part of paragraph 333, tariff act of 1913.—Lorsch & Co. *v.* United States (8 Ct. Cust. Appls., 246; T. D. 37521).

2. CONSTRUCTION, PARAGRAPH 333, TARIFF ACT OF 1913—"BEADS OF ALL KINDS."

   The term "beads of all kinds," in paragraph 333, tariff act of 1913, does not include any of that class of beads constituting jewelry or the materials for, or suitable for, use in making jewelry.—American Bead Co. *v.* United States (7 Ct. Cust. Appls., 18; T. D. 36259).

3. CONSTRUCTION, PARAGRAPH 357, TARIFF ACT OF 1913—"CUT."

   A piece of coral which has been cut or made globular into a bead is "cut" within the meaning of that expression in paragraph 357, tariff act of 1913.

4. CONSTRUCTION, PARAGRAPH 357, TARIFF ACT OF 1913—"NOT SET."

   Coral beads which have been graduated as to size and temporarily strung are "not set" within the meaning of that language in paragraph 357, tariff act of 1913.

5. CORAL BEADS.

   Coral beads which have been cut to final globular shape, pierced, graded, and temporarily strung in final relation from large to small, for use and wear as coral necklaces, are classifiable not as beads or articles in chief value of beads under the last part of paragraph 333, tariff act of 1913, but as "coral * * * cut but not set, and suitable for use in the manufacture of jewelry" under paragraph 357.

### United States Court of Customs Appeals, April 18, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8206 (T. D. 37807)

   [Affirmed.]

   *Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

   Frank L. Lawrence for appellee.

---

[1] T. D. 38003 (36 Treas. Dec., 405).

184          9 COURT OF CUSTOMS APPEALS.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation consists of coral beads admittedly temporarily strung. As imported, they have been cut to final globular shape, pierced, graded, and temporarily strung in final relation from large to small, for use and wear as coral necklaces. The collector of customs at the port of Los Angeles classified the merchandise for dutiable purposes as "beads * * * of all kinds, * * * strung loosely on thread for facility in transportation only," under paragraph 333 of the tariff act of 1913, reading:

333. Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains and other articles not embroidered nor appliquéd and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.

Due protest was made by the importer, alleging that the importation was properly ratable for duty as "diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry," under the provisions of paragraph 357 of said act, reading:

357. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, and bort; any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; imitation precious stones, including pearls and parts thereof, for use in the manufacture of jewelry, doublets, artificial, or so-called synthetic or reconstructed pearls and parts thereof, rubies, or other precious stones, 20 per centum ad valorem.

That such importations are not articles in chief value of beads, under the last part of said paragraph 333, was held by this court in Lorsch & Co. v. United States (8 Ct. Cust. Appls., 246; T. D. 37521). Accordingly there is here presented for decision the question whether or not this merchandise is properly classifiable as "beads * * * all kinds, * * * strung loosely on thread for facility in transportation," under said paragraph 333; or, as "coral, * * * cut but not set, and suitable for use in the manufacture of jewelry," under said paragraph 357.

Primarily it may be said that this court early gave attention to and upheld the familiar rule of statutory construction of congressional classification of merchandise established by a long and consistent course of legislation. United States v. Beierle (1 Ct. Cust. Appls., 457; T. D. 31506). The application of that principle of construction to the provisions of paragraph 333 was applied by this court in

American Bead Co. *v.* United States (7 Ct. Cust. Appls., 18, 23; T. D.
36259). Therein we held that the term "beads * * * of all
kinds," as used in said paragraph 333, did not include any of that
class of beads constituting jewelry or the materials for or suitable
for use in making jewelry. The issue decided in that case was
stated by the court (at p. 23) as follows:

> Has the legislative course of Congress assigned "beads" and "articles made from
> beads" a different and distinct tariff classification from "jewelry"?

After an extended review of the statutory provisions in pari
materia covering a period of over 44 years the court concluded
(p. 28) as to said paragraph 333 as follows:

> The court views that it was intended as an exhaustive provision as to its subject
> matter (1) beads and spangles, (2) articles composed wholly and in chief value of
> beads and spangles, *only to be invaded by some other clearly and more specifically expressed
> intention of Congress. We do not herein find any such intention but to the contrary
> expressed.*
>
> *    *    *    *    *    *    *
>
> (2) Because Congress has consistently and for many years provided separately,
> sometimes at the same and sometimes at different rates of duty, for beads and articles
> composed of beads and jewelry commonly or commercially so known, thereby clearly
> declaring them different subjects of tariff classification and duty, and has continued
> that policy with emphasis in this act, the court does not feel justified in declaring
> such distinction not to exist and that Congress intended to include either in the other.
>
> (3) There are concededly beaded necklaces commonly regarded as jewelry (imi-
> tation or real), such as pearl or gold-beaded necklaces, or imitations thereof [United
> States *v.* Goldberg's Sons et al. (3 Ct. Cust. Appls., 282; T. D. 32573); United States *v.*
> Kraemer & Co. et al. (5 Ct. Cust. Appls., 293; T. D. 34474)] and silver necklaces set with
> pearls [United States *v.* Cohn & Rosenberger (3 Ct. Cust. Appls., 273; T. D. 32571)],
> or white metal set with precious stones [United States *v.* International Forwarding Co.
> (6 Ct. Cust. Appls., 25; T. D. 35272)], which are commonly regarded as jewelry.
> There are also beaded necklaces equally regarded as not commonly known as jewelry,
> such as shell, seed, and wooden beaded necklaces, and such necklaces as are made
> of bears' claws, or elks' teeth, and the like, none of which is the product or imitation
> of the work and skill of the jeweler nor found in jewelry stores, but is the product of
> various manufacturers and more commonly found in general merchandise stores.
> They are ornaments for personal adornment only, but are not commonly known as
> jewelry.
>
> (4) Without attempting a fixed definition of jewelry or to declare a hard and fast
> line of distinction between these competing paragraphs, the recitals therein by Con-
> gress, taken in connection with well-known general incidents of jewelry, real and
> imitation, are notably significant. Jewelry as therein indicated and in the common
> conception is composed of the precious metals or imitations thereof; or, of precious
> or semiprecious stones, pearls, or imitations thereof, or cameos, coral, or amber, includ-
> ing artificial, synthetic, or reconstructed pearls, rubies, or other precious stones,
> *strung* or set.

The court in that case further pertinently observed (p. 27):

> From the foregoing it is made clear that as to imitation jet articles this court has
> already declared, and as to other beaded articles, nonmetallic and not in imitation of
> precious stones, assumed, that they had been allotted by Congress a different tariff
> status from jewelry commonly or commercially so known.

Frequently, also, this court has held or assumed that necklaces and chains in imitation of precious stones and the precious metals were classifiable as jewelry. United States v. Cohn & Rosenberger (3 Ct. Cust. Appls., 273; T. D. 32571); United States v. Goldberg's Sons et als. (3 Ct. Cust. Appls., 282; T. D. 32573); Guthman, Solomons & Co. v. United States (3 Ct. Cust. Appls., 286; T. D. 32574); United States v. Flory & Co. (4 Ct. Cust. Appls., 87; T. D. 33367); Cohn & Rosenberger et als. v. United States (4 Ct. Cust. Appls., 378; T. D. 33536); Lorsch & Co. et al. v. United States (5 Ct. Cust. Appls., 93; T. D. 34132); United States v. International Forwarding Co. (6 Ct. Cust. Appls., 25; T. D. 35272).

The case was referred to with approval in Bloomingdale Bros. et al. v. United States (8 Ct. Cust. Appls., 314; T. D. 37596).

Accordingly, it may now be said that by a long course of legislation, beaded articles and beads which are jewelry or materials suitable therefor, have been classified and treated by Congress as jewelry and jewelry materials. Accordingly such materials are provided for in paragraphs 356 and 357 and are not included within paragraph 333; and that legislative differentiation has become stare decisis in this court.

The careful precision of Congress in this particular is shown by the express inclusion by eo nomine designation in paragraph 333 of "imitation pearl beads" in more specific terminology than that employed in either paragraph 356 or 357. While one at least, if not both of the latter paragraphs provides for imitation pearls, paragraph 333 selects out of these a particular species thereof, "imitation pearl *beads*." Logically it follows that Congress deemed this express language, in addition to the words "beads * * * of all kinds," etc., in paragraph 333, necessary in order to take *any* imitation pearls out of the jewelry paragraphs. It follows that the same rule here applies, and, that in order to take any of the imitation precious, semiprecious, or other jewelry stones named in paragraphs 356 and 357 therefrom for duty purposes and include them within paragraph 333, similar eo nomine designation is required.

This legislative implication would seem to conclusively fortify the foregoing conclusion. That was the abundant reason supporting the conclusion of this court reached in the cases of Lorsch & Co. et al. v. United States (5 Ct. Cust. Appls., 93; T. D. 34132) and Cohn & Rosenberger v. United States (5 Ct. Cust. Appls., 339; T. D. 34533). Therein this court gave to the term "imitation pearl beads," supra, the superior application accorded by the manifest congressional purpose.

Assuming, therefore, that coral beads such as these do not fall within the term "beads" in paragraph 333, we are confronted by the inquiry, are they classifiable within the phrase "coral, * * * cut but not set, and suitable for use in the manufacture of jewelry," supra, as held by the board. We think that question must be answered in the affirmative. That a coral necklace is jewelry and that these beads are suitable for use in the manufacture of coral necklaces is

conceded. Nor is it seriously denied that they are "cut." They are cut or made globular into beads. Their entire shaping, ready to be strung into necklaces, is a cutting process, well within the common acceptation of the term.

It is denied, however, that in final use or necklace status they are "set" as that term is used in paragraph 357. It will be noted that to come within the particular phraseology it is required that they be "cut but *not* set." Assuming that the adjustment of a pearl bead or coral bead in a necklace in the exact position with reference to other parts thereof intended and necessary to make a conventional and merchantable necklace and the permanent retention thereof in that position by appropriate and necessary stringing is not within the word "set" as herein used, what is that statutory requirement? Not that it shall be "set," but its imported status must be "*not* set." Concededly these articles are literally not set. But it is agreed that the term *implies* that they must be capable of or suitable in the imported status to be "set" within the claimed meaning of that term, to wit: Affixed as a part of jewelry like a stone in a ring or bracelet. Is that susceptible condition required by the statute? We think not. This court has repeatedly refused to adopt the doctrine of susceptibility of condition as too remote and indirect a statutory definition of duties upon which to impose upon the citizen additional burdens of taxation. United States *v.* Morimura Bros. (7 Ct. Cust. Appls., 285; T. D. 36801); Sheldon & Co. *v.* United States (7 Ct. Cust. Appls., 454; T. D. 37024); Fensterer & Ruhe (1 Ct. Cust. Appls., 93; T. D. 31110); United States *v.* Fensterer & Ruhe (2 Ct. Cust. Appls., 368; T. D. 32094); United States *v.* Wells, Fargo & Co. (1 Ct. Cust. Appls., 158; T. D. 31211); Scientific Supply Importing Co. *v.* United States (5 Ct. Cust. Appls., 56; T. D. 34094).

This court is therefore of the opinion that the articles fall well within the provisions of paragraph 357 providing for "coral, * * * cut but not set, and suitable for use in the manufacture of jewelry," thereby uniformly classifying this conceded jewelry material in the paragraph providing duties for such materials.

*Affirmed.*